## Case No. 6,582.

### HOGAN v. DELAWARE INS. CO.

[1 Wash. C. C. 419.][1]

Circuit Court, D. Pennsylvania. April Term, 1806.

MARINE INSURANCE—PRIOR INSURANCE—INCONSISTENCY BETWEEN MEMORANDUM AND POLICY—RULE OF CONSTRUCTION.

1. Action on a policy of insurance, from the Cape of Good Hope to Philadelphia, with a clause in the policy, that if insurance on the property had been made previously, it should be void as to all property covered by a prior insurance; and so much of the premium as would be proper, should, under such circumstances, be returned. At the time the policy was signed, a memorandum was made by the president of the company, stating, that in case insurance on the property is made in England, where it had been ordered, it should supersede so much of the insurance covered by the policy; and one per cent. of the premium should be retained. Insurance on the same property was made in England, eight days after the policy was underwritten by the defendants. Held, that the terms of the memorandum do not alter the stipulations in the body of the policy: and that the whole loss is payable by the defendants.

[Cited in Huss v. Stephens, 51 Pa. St. 285.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

2. The rule is, that if by mistake a deed is drawn plainly different from the agreement upon which it is founded, a court of equity will consider the deed as if it had conformed to the agreement; or if the deed be ambiguously expressed, it may be explained by the agreement.

[Cited in Walden v. Skinner, 101 U. S. 584.]

3. If a deed be so expressed, as that a reasonable construction can be given to it, and when so given, it does not plainly appear to be at variance with the agreement, the latter is not to be regarded.

[Cited in Walden v. Skinner, 101 U. S. 584.]
[See note at end of case.]

This was an action on a policy of insurance, dated 15th May, 1804, on 390 bags of coffee, shipped by the plaintiff, on board the Surprise, at and from the Cape of Good Hope to Philadelphia; the coffee valued at 20 cents per pound; the ship being warranted American property. In the policy, is inserted a written clause, that the premium is after the rate of seven and a half per cent., to return six and a half, on so much as may be insured in England, previous to this insurance. By the printed forms of the policies of this company, it is stipulated; that if the assured has made any insurance elsewhere, prior in date to this policy, then the assurers to be answerable only for so much as the amount of such prior insurance may be deficient, towards fully covering the property insured; such amount being the whole sum underwritten, without any deduction for the insolvency of any of the prior underwriters; and this policy, so far as it has been previously insured, to be considered as void, and the company to return the premium upon so much of the sum, by them insured, as they shall, by such prior insurance, be exonerated from; and in case of any insurance on the same property, subsequent in date to this policy, the said company to be, nevertheless, answerable for the full sum insured, without right to claim contribution; and on the other hand, to retain the premium by them received. In all cases of return premium, one-half per cent. to be retained. A total loss happened by one of the perils insured against, and no objection as to noncompliance with warranty. On the 22d of February, 1804, the plaintiff being then resident at the Cape of Good Hope, and having shipped the coffee in question, on board the said vessel, wrote to his correspondent in London, ordering insurance thereon, at that place. On the 12th of May, 1804, the plaintiff, having arrived at New-York, wrote to his agents, Gurney & Smith, in Philadelphia, stating, that, as he found from their letter, that the Surprise, on which he had, previously to his leaving the Cape, written to London for insurance, had not arrived, and as the conveyance to London was uncertain, he was desirous of being covered, and requested them to get his coffee insured, as per invoice. He says, you will make it in such manner, as that it will be cancelled, in the event of its being made in London. On the 14th May, Gurney & Smith applied at the office of the Delaware Insurance Office, and showed the letter of the 12th May; and on the 15th, an order for insurance was made out by them, and handed to the president, who, in his own hand, added thereto the words following, viz: "Ship warranted American; insurance being ordered on this property, or part of it, in England, it is understood, that in case such insurance is made, it shall supersede the present, for so much as shall be effected, and one per cent. only of the premium retained;" which was signed by Gurney & Smith. The policy was filled up by the clerk, in the manner before mentioned. Policies are frequently left in the office, by the insured, till the vessel arrives, or a loss happens. On the 30th May, information was received of the loss. The policy in London, was effected eight days after the policy executed by the defendants. The above facts, being agreed between the parties, the question was submitted to the court, whether the plaintiff is entitled to recover; and it was further agreed, that the court should decide upon the same principles, and give the same relief, as if sitting in chancery, upon a bill filed by defendants, for relief suited to their cause. For the defendants, it was argued, that the policy was to be considered in the same manner, as if it had been filled up in the words of the order; which, if they differ from the policy, would control it at all events in a court of equity. Motteux v. London Assur. Co., 1 Atk. 545. If so, the policy was to be cancelled in the event of an insurance being effected in England, which has no reference to time, but to the fact of the expected insurance having been at all events effected. That this being, from the plaintiff's letter, his obvious meaning, the word "is," in the order, may be considered as being future, as well as present. On the other side, it was contended, that the policy must govern, unless clearly contradicted by the order. The former is clear of ambiguity. The latter may be explained both ways, though certainly the literal meaning of it must be present, and was the intention of the parties.

Rawle & Smith, for plaintiff.
Ingersoll & Condy, for defendants.

WASHINGTON, Circuit Justice. The question is, whether, by the terms of this policy, controlled, and explained so far, as, by the rules of law and equity they ought to be, by the letters of the plaintiff, and the order for insurance; the defendants were exonerated from the payment of this loss, in consequence of a policy having been effected, at a subsequent period, on the same property in England. Consider how it would stand upon the policy itself. If an insurance were effected, in any part of the world, England excepted, prior in date to this policy, the assurers were not to be liable, but

for so much as was not covered by such prior assurance; and would be bound, in that event, to return the premium, retaining only one half per cent.; but if such prior insurance should be made in England, the same consequence was to follow; but they were in that case to retain one per cent. If an insurance were effected in England, or elsewhere, subsequent in date to this policy; such insurance was not to affect these defendants, who would nevertheless be bound in case of loss, to pay the sum insured; and in case of safe·arrival, to retain the premium. So far as the priority of date of the two policies, could be important; the subject was fully and clearly provided for, by the printed and written stipulations in the body of the policy. The introduction of the written stipulation did not dispense with any one of the printed provisions, which constitute the standing form of the·policies of this company; neither did they embrace the same subject, intended to be expressed by this. The former is confined to a prior insurance in England; the latter extends to a prior insurance in any part of the world. By the former, the defendants were to retain one per cent. By the latter, only half as much.

We are then to consider, whether the order for insurance can be resorted to, for the purpose of giving a construction to this policy. Now, I take the rule to be, that if by mistake, a deed be drawn, plainly different from the agreement of the parties, a court of equity will grant relief. by considering the deed, as if it had conformed to the agreement. If the deed be ambiguously expressed, so that it is difficult to give it a construction; the agreement may be referred to, in order to explain such ambiguity. But, if the deed be so expressed, that a reasonable construction may be given to it, and when so given, it does not plainly appear to be at variance with the agreement of the parties, the latter is not to be regarded in the construction of the former.

Now, in this case, the policy, upon the face of it, can admit of but one construction, and the ambiguity arises out of the letter of the 12th of May, and the order for insurance, to which we are referred by the defendants, for an explanation of the policy. Can any person doubt of this, who has attended to the ingenious and learned criticisms of these papers, by the counsel on each side. After it has been so clearly proved, that the important word "is," may be construed past, present, or to come, and that even "shall be," may be taken in the past or future tense; where is the standard of certainty to which we are referred, or why leave the plain road in which the policy places us, to wander in the perplexed mazes of the letter and order? If in these we attempt to seek the intention of the parties, the counsel, who have endeavoured to enlighten the court, have demonstrated, that the pursuit must terminate in doubts. On one side, strong arguments are urged, to prove that the parties intended to make void the American policy, in the event of the plaintiff's having effected his insurance in England, without reference to the time when it was done; and the other has been little less successful, in proving that the American policy was to be preferred, if a prior insurance was not effected in England. If, upon this subject, I were compelled to give an opinion, which I should be, were the expressions of the order inverted in the policy, I should, I confess, rather incline to adopt the construction of the defendants' counsel. But since the policy admits of a satisfactory construction, and it is this paper alone which produces the ambiguity, the former must be considered as the only safe evidence of the intention of the parties; particularly after the loss has happened. Judgment for plaintiff.

[A bill in equity was then filed by the insurance company, which stated no new matter,. except that defendant intended to insure according to the order, and called upon him to declare if that was not his intention. This the defendant denied. The bill was dismissed by Mr. Justice Washington for want of equity. Case No. 3,765.]